MATTER OF HO

In Visa Petition Proceedings

A-14622750

*Decided by Regional Commissioner February 23, 1967*

Notwithstanding beneficiary may qualify as a member of the professions on the basis of his education, since he intends to be engaged in the United States as a translator. which occupation is not classifiable as a profession within the meaning of section 101(a)(32) of the Immigration and Nationality Act, as amended by P.L. 89-236, he is ineligible for third preference classification under the Act as a translator.

This case comes forward on appeal from the decision of the District Director, Los Angeles, who denied the petition on October 13, 1966, in that the beneficiary has not established that he is a member of the professions and therefore is ineligible for preference classification under section 203(a)(3) of the Immigration and Nationality Act, as amended.

The petitioner in this case, who has petitioned in his own behalf, is a 47-year-old married male, a citizen of China and a native and resident of Hong Kong. On May 9, 1966 he filed the instant petition seeking preference classification as a member of the professions based on his occupation as a "translator."

In support of his petition, he presented Form ES-575, Part A, "Statement of Qualifications," wherein he stated that he seeks work as a "translator; language teacher; social worker" and that he studied sociology in Japan at Meiji University from September 1935 to July 1936 and at Nihon University from September 1936 to July 1937 receiving from the latter university a Bachelor's Degree in Sociology; and government and politics at the Central Institute of Politics, Hankow, China, in 1938; and took a course in 1947 in traffic management from the La Salle Extension University, Chicago, Illinois. The beneficiary stated that he was employed from January 1952 to June 1964 as a translator in the Criminal Investigation Department of Police Headquarters of Hong Kong and from July 1964 to July 1965 in the same capacity by Radio Hong Kong. Since July 1965 he has been employed as a translator by the Agriculture and Fisheries Department of Hong Kong. His present duties consist of translating Japa-

148

nese fishery research bulletins; papers on agricultural and fishing activities in Communist China and the Republic of China; literature on marketing schemes and co-operative movements, and official documents of various kinds; and interpreting at conference in which non-English speaking people discuss matters with English speaking people. He was also a social welfare officer in China for three years before joining the Chinese military service as a translator in 1943.

In addition, he presented diplomas from Nihon University, Central Institute of Politics, and La Salle Extension University; a certification and letters pertaining to his appointment and experiences as a translator; and a radio script prepared in Chinese and two technical translations.

Section 203 (a) (3) of the Act provides that visas shall be made available to qualified immigrants who are members of the professions or who, because of their exceptional ability in the sciences or arts, will substantially benefit prospectively the national economy, cultural interests or welfare of the United States.

Section 212(a) (14) provides for the exclusion of aliens unless the Secretary of Labor has certified that there are not sufficient workers in the United States who are willing, qualified, and available and that employment will not adversely affect the wages and working conditions of workers in the United States in similar employment.

In accordance with the provisions of section 204.2(f), Title 8, Code of Federal Regulations, Form ES-575A (Statement of Qualifications of Alien) was submitted by this Service to the Department of Labor for consideration of the issuance of the required labor certification. That Department was also requested to furnish an advisory opinion of the beneficiary's qualifications as a member of the professions. The Form ES-575A was returned to this Service with a certification by the Department of Labor and a notice to the effect that the Department of Labor finds the applicant qualified as a member of the professions. Further consultation by this Service with the Department revealed that the Department of Labor's assessment of the applicant's qualifications was based upon the fact that the United States Office of Education had evaluated the applicant's education as being equivalent to a baccalaureate degree from a United States college or university, and that the Department of Labor felt that the alien could conceivably find employment as a language instructor.

Although the opinion of the Department of Labor with respect to the alien's qualifications is worthy of considerable weight, it is of an advisory nature. The responsibility for determining whether the alien is qualified as a member of the professions rests with this Service.

Despite the advice from the Department of Labor that the alien

149

might qualify as a teacher for classification as a member of the professions, the record reveals that his past employment has been almost exclusively that of a translator and interpreter. There is no indication that at any time during his working career he had ever been employed in a teaching capacity. Hence, it is doubtful that he, in fact, intends to enter the teaching profession at this point in his career. Further, in his appeal, the applicant stresses his exceptional ability as a translator and the contribution he could make in that field of activity. It is apparent from the record that he intends to continue in the occupation of translator. Assuming, but not conceding that the applicant might be qualified as a teacher for classification as a member of the professions, *Matter of Semerjian*, Interim Decision No. 1627, establishes that, before a petition may be approved for third preference classification as a member of the professions, it must be shown that the beneficiary intends to engage in his profession or, at least, in a related field for which he is fitted by virtue of his professional education or experience.

The beneficiary in this case has been employed continuously as a translator since 1943 and, as indicated above, intends to continue to engage in that occupation. It must, therefore, be determined whether the occupation of translator is classifiable as a profession. The Dictionary of Occupational Titles, Volume I, Second Edition, assigns the occupational code number 0-68.32 to the occupation of translator. According to Volume II, Second Edition, of that publication, occupations with codes which begin with 0-4 through 0-6 are semi-professional occupations. Therefore, the Department of Labor, which publishes the Dictionary of Occupational Titles, has classified the occupation of translator as a semi-professional occupation.

In view of the fact that the occupation of translator is not classifiable as a profession within the meaning of sections 101(a)(32) and 203(a)(3) of the Immigration and Nationality Act, as amended, we must agree with the District Director and find that the alien is not entitled to the classification he seeks. Therefore, the District Director's decision was proper and the appeal will be dismissed.

The applicant states on appeal that, should he be found ineligible for third preference classification, he desires to be considered for sixth preference classification. To be so considered, a petition must be filed with the District Director in the alien's behalf by a person who desires and intends to employ the alien (section 204(a) of the Immigration and Nationality Act, as amended). The petition must be accompanied by Form ES-575A and B and a certification by the Department of Labor. If submitted, such a petition will be duly considered by the District Director.

**ORDER:** It is ordered that the appeal be and is hereby dismissed.